The HONORABLE ARNOLD OLSEN, District Judge, sitting in place of Mr. Chief Justice Harrison,
(dissenting).
The facts as related in the majority opinion are agreed to.
However, this Judge dissents.
Under the common law, “there are four elements which are considered upon the question whether the relationship of master and servant exists — namely, the selection and engagement of the servant, the payment of wages, the power of dismissal, and the power of control of the servant’s conduct — the really essential element of the relationship is the right of control, that is, the right of one person, the master to order and control another, the servant, in the performance of work by the latter, and the right to direct the manner in which the work shall be done.” 53 Am. Jur.2d, Master and Servant, § 2, p. 82.
The majority opinion, parenthetically, without expressly wording so, upholds a Workmen’s Compensation rule favoring claimants to qualify a contending claimant-employee who can establish “compensation in whatsoever kind” is an'employee.
*92 Appellant here brings to question whether or not Continental Oil Company can escape the greater liability of common law by insisting that Kimball was an employee at the time of his fatal accident and thus Appellant denies Kimball was an employer.
The Continental Oil Company has gone to great lengths denying an employee-employer relationship with the operation of the premises herein. This is a specific case of example of the Continental Oil Company practice of denying that the bulk plant operator, Brainard, is an employee and denying that anybody on Brainard’s staff is an employee. Both Brainard and the Continental Oil Company deny that Kimball was an employee to be entitled to Social Security Benefits, deny that Kimball is entitled to protection under the laws relating to a Minimum Wage, deny that Kimball was an employee entitled to Unemployment Compensation Insurance, deny that Kimball was an employee entitled to Workmen’s Compensation Insurance coverage, or even entitlement to safety inspection protection by the Workmen’s Compensation Division of Montana, indeed these defendants, now calling themselves employers, have denied to the general public that Kimball was their agent. So for all their purposes, to the world, Kimball was not an employee.
But, now, when there poses a possible greater liability under the common law, that Kimball’s widow might be entitled to a greater liability, against Continental Oil Company, that company wants the benefit of the clothing of an employer for the purpose of denying the widow of the deceased Kimball an entitlement to come to the courts of Montana claiming at common law for the destruction of the life of Kimball.
Continental Oil Company should not be heard to say any such defense having held itself out as not an employer to all the world. Continental Oil Company should not be heard by a court of this state to escape the greater liability now that they have evaded all liabilities of an employer heretofore.
The widow Kimball should be entitled to bring action against Continental Oil Company without classifying her deceased *93 husband as an employee and her election to do so should not exclude her from any other remedy. The Court should say, “Welcome, widow Kimball, you may seek all remedies and waive none of them.”
In Montana by Section 92-201, R.C.M.1947, in an action to recover damages sustained by an employee in the course of his employment, or for death from personal injuries so sustained, the common law defenses of employer are repealed. By Section 92-211, R.C.M.1947, “No compensation shall be paid to any employee, whether such employee has elected to come under this act or not, where his employer has failed to elect, and has failed to come under one or the other of the compensation plans herein provided.”
Under the Workmen’s Compensation Law of Montana, this Continental Oil Company, has elected not to be covered by the Workmen’s Compensation Act and can pay the employee no compensation under the Workmen’s Compensation Act nor can the defendants insure under the Act.
The Continental Oil Company, whether an employer or not, is answerable to the widow of Kimball and now the oil company (having admitted its employment) has been stripped of its common law defenses. Regardless of Kimball status, whether he be an invitee to the premises, a volunteer, a gratuitous servant, indeed if Kimball was an employee, liability attaches — but if an employee, the liability is without common law defenses, and the liability is not limited under the Workmen’s Compensation Act.
There is a wide discussion of “Action Against Employer” in § 67.10, 2A Larson’s Workmen’s Compensation Law, and specifically, “As a sort of club to drive employers into election of coverage, the typical act makes the noncovered employer subject to common-law liability without benefit of the defenses of fellow servant, assumption of risk and contributory negligence.” Further, in that same section, “Experience has shown that, although the great bulk of employers do elect to *94 come with the acts, there is a strong temptation, particularly in times of depression when employers are desperately looking for ways in which to cut costs of production, to gamble on the possibility that the costs of common-law suits, even without the defenses, will be less than compensation premiums, especially when there are insurance companies who claim to be able to insure the potential common-law risk at a guaranteed saving below compensation insurance costs. This kind of ‘stop loss’ insurance, however, has serious pitfalls both for employer and employee which destroy its surface attractiveness from the hard-pressed employers point of view.”
Section 67.21 of Larson’s, “A common exception to the exclusiveness of the compensation remedy is the right of suit against an employer who fails to secure his compensation liability by taking out insurance or qualifying as a self-insured.”
Indeed, one wonders, has the Continental Oil Company given its employees the protection of safety inspection by the Safety Division of the Workmen’s Compensation Division. One wonders, has the state of Montana functioned in its lawful directed duties to conduct safety inspections of the plants of the Continental Oil Company. Because Brainard and the Continental Oil Company were not enrolled with the Workmen’s Compensation Division, undoubtedly the Safety Division of the Workmen’s Compensation Division did not protect the employees.
A large question in this case is whether the Supreme Court of Montana is going to tell the employers of this state and the world, “You don’t have to abide by the Workmen’s Compensation Act of Montana, we will cover you even if you don’t elect to protect your employees under the Workmen’s Compensation Act and the incidental safety inspection laws of Montana, we will protect you with the limited liability of the Workmen’s Compensation Act regardless of the fact that you haven’t been a good employer and a law-abiding employer.”
*95 I say, “No, the Continental Oil Company has been an irresponsible employer and should suffer the penalty of the Workmen’s Compensation Act, namely, the Continental Oil Company is denied the common law defenses by their failure to elect to insure their employees under the Workmen’s Compensation Act.”
This Court must announce to the world that employers in this state must abide the Workmen’s Compensation Act or they shall be stripped of the common law defenses.
The widow Kimball should be heard to come into the courts of Montana and say, “Here I am, a widow. The life of my husband was taken by reason of the negligence of Brainard and the Continental Oil Company. My husband is dead. I’m entitled to compensation at common law.” Further, this Court, should announce that the only defense of the Continental Oil Company would have been that Kimball was a trespasser; but that the Continental Oil Company lost that defense, too, because of tis admission against interest in contending in the action here that they are an employer even though irresponsible.
The widow Kimball should not lose the success of the claim with Workmen’s Compensation limited recovery. She has not elected that remedy and she does not have to choose at her peril of losing a common law remedy. I see the widow Kimball coming into the District Court and saying, “I am a widow. My name is Kimball. My husband went to work at the Continental Oil Plant for Brainard and was injured there and died as a result of his injuries. The Continental Oil ' Company and Brainard did not protect my husband by safety inspections nor by insurance under the Workmen’s Compensation Act nor by any other act did Brainard and the Continental Oil Company designate my husband an employee. I, the widow, am entitled to damages for my losses.”
Thereupon the district court announces that Brainard and the Continental Oil Company do not have any of the common law *96 ■defenses and we will hear what the damages of the widow Kimball are.
The cause should be reversed and remanded to the district court to determine the damages of the Appellant, without the limitations of the Workmen’s Compensation Act.